UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**ANTHONY HEGEDUS, BRYANT LOWE, JONATHAN OGNIAN, RICHARD CARSON, and DEOSHA BATTLES,**
on behalf of themselves and all other persons similarly situated, known and unknown,

                Plaintiffs,

vs.

                Case No:  18-cv-10798-MOB-MKM
                Hon. Marianne O. Battani
                Magistrate Judge Mona K. Majzoub

**NEXEN CORPORATION**, a Michigan for-profit corporation, **STEVEN KIRKA**, a natural person, **PACE RUNNERS, INC.**, a Michigan for-profit corporation, **AMAZON.COM DEDC LLC**, a Washington for-profit corporation, and **AMAZON.COM, INC.**, a Delaware for-profit corporation,

                Defendants.

_____/

Bryan Yaldou (P70600)
Omar Badr (P70966)
LAW OFFICES OF
BRYAN YALDOU, PLLC
23000 Telegraph, Suite 5
Brownstown, MI 48134
Phone: (734) 692-9200
Fax: (734) 692-9201
bryan@yaldoulaw.com
*Attorneys for Plaintiffs*

Stephanie L. Sweitzer (P66376)
Meredith E. Riccio
MORGAN, LEWIS & BOCKIUS LLP
77 W. Wacker Drive, Suite 500
Chicago, IL 60601
Phone: 312-324-1000
Fax: 312-324-1001
meredith.riccio@morganlewis.com
*Attorneys for Defendant Amazon.com DEDC LLC and Defendant Amazon.com, Inc.*

Michael J. Tauscher (P31718)
Christopher J. Eckhart (27823-49)
SCOPELITIS, GARVIN,
LIGHT, HANSON AND FEARY, P.C.
10 West Market Street, Suite 1400
Indianapolis, IN 46204
Phone: 317-637-1777
Fax: 317-687-2414
aeakman@scopelitis.com
*Attorneys for Defendant Pace Runners, Inc.*

Angela M. Mannarino (P72374)
GASIOREK, MORGAN,
GRECO & MCCAULEY, PC
30500 Northwestern Highway, Ste. 425
Farmington Hills, MI 48334
Phone: 248-865-0001
Fax: 248-865-0002
amannarino@gmgmklaw.com
*Attorney for Defendant Nexen Corporation
and Defendant Steven Kirka*

## AMENDED JOINT MOTION FOR APPROVAL OF COLLECTIVE ACTION SETTLEMENT AND PLAINTIFFS' PETITION FOR ATTORNEYS' FEES AND COSTS

Named Plaintiffs Anthony Hegedus, Bryant Lowe, Jonathan Ognian, Richard Carson, and Deosha Battles, along with Opt-In Plaintiffs Kyer Bowie, Anthony Gilyard, Alicia Jackson, Maxwell McKernan, Jorell Collins, Anton Floyd Jr., Randall Mason, and Justin Welch (collectively "Plaintiffs"), and Defendants Nexen Corporation ("Defendant Nexen"), Steve Kirka ("Defendant Kirka"), Pace Runners, Inc. ("Defendant Pace"), Amazon.com DEDC, LLC and Amazon.com, Inc. (collectively "Defendants") (together referred as, the "Parties") move for an order (1) approving the Parties' Joint Stipulation of Settlement and Release (attached hereto as Exhibit A and referred to as "Joint Stipulation" or "Settlement"); (2) conditionally certifying the collective action under 29 U.S.C. § 216(b) for settlement purposes only; (3) approving the form and manner of notice to putative collective action members; (4) approving the award of Plaintiff's litigation expenses and Plaintiff's counsels' fees and costs; and (5) dismissing the case without prejudice, to convert to a dismissal with prejudice after six months, each party to bear its own fees and costs except as otherwise provided in the Agreement and by Court Order.  Defendants do not oppose this motion.[1]

---

[1] Defendants do not oppose this motion to the extent it seeks collective action certification under 29 U.S.C. § 216(b) for purposes of settlement only.  Should the Settlement fail to be approved by

2

Approval of the Joint Stipulation is further supported by the attached Memorandum of Law. The Parties further state that:

1.      The terms and conditions of the proposed settlement between the Parties as defined and described in the Joint Stipulation and attached exhibits are fair, reasonable, and adequate;

2.      The form of the Notice of Settlement and the method of disseminating this information to the Eligible Members of the Settlement ("Eligible Members"), as described in the Joint Stipulation and Exhibits thereto is fair, reasonable, and adequate;

3.      The method of allocating a settlement award to each Eligible Member is fair, reasonable, and adequate;

4.      Class Counsel's attorney's fees and costs are accounted for, as described in the Joint Stipulation;

5.      Any objections to the Settlement as outlined within the Joint Stipulation to the extent any exist, are without basis, are not well founded, and should be overruled in their entirety;

6.      Defendants consent to the relief request herein.

WHEREFORE, the Parties ask this Court to issue an order: (1) approving the Parties' Joint Stipulation of Settlement and Release (attached hereto as Exhibit A and referred to as "Joint Stipulation" or "Settlement"); (2) conditionally certifying the collective action under 29 U.S.C. § 216(b) for settlement purposes only; (3) approving the form and manner of notice to putative Eligible Members; (4) approving the award of Plaintiff's litigation expenses and Plaintiff's counsels' fees and costs; and (5) dismissing the case without prejudice, to convert to a dismissal

---

the Court, Plaintiffs reserves their right to move for conditional certification of a collective, and Defendants reserve their right to oppose any such motion.

with prejudice after six months, each party to bear its own fees and costs except as otherwise

provided in the Agreement and by Court Order.


Respectfully submitted,


/s Bryan Yaldou
Bryan Yaldou (P70600)
LAW OFFICE OF
BRYAN YALDOU, PLLC
23000 Telegraph, Suite 5
Brownstown, MI 48134
Phone: (734) 692-9200
Fax: (734) 692-9201
bryan@yaldoulaw.com
*Attorneys for Plaintiffs*


/s/ Meredith E. Riccio, with consent
Meredith E. Riccio
MORGAN, LEWIS & BOCKIUS LLP
77 W. Wacker Drive, Suite 500
Chicago, IL 60601
Phone: 312-324-1000
Fax: 312-324-1001
meredith.riccio@morganlewis.com
*Attorneys for Defendant Amazon.com DEDC LLC and Defendant Amazon.com, Inc.*


/s/ Christopher J. Eckart, with consent
Christopher J. Eckhart (27823-49)
SCOPELITIS, GARVIN,
LIGHT, HANSON AND FEARY, P.C.
10 West Market Street, Suite 1400
Indianapolis, IN 46204
Phone: 317-637-1777
Fax: 317-687-2414
aeakman@scopelitis.com
*Attorneys for Defendant Pace Runners, Inc.*


/s/ Angela M. Mannarino, with consent
Angela M. Mannarino (P72374)
GASIOREK, MORGAN,

4

GRECO & MCCAULEY, PC
30500 Northwestern Highway, Ste. 425
Farmington Hills, MI 48334
Phone: 248-865-0001
Fax: 248-865-0002
amannarino@gmgmklaw.com
*Attorney for Defendant Nexen Corporation and Defendant Steven Kirka*


Dated: February 5, 2019

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**ANTHONY HEGEDUS, BRYANT
LOWE, JONATHAN OGNIAN,
RICHARD CARSON, and DEOSHA
BATTLES,**
on behalf of themselves and all other persons
similarly situated, known and unknown,

             Plaintiffs,

vs.

**NEXEN CORPORATION**, a Michigan for-
profit corporation, **STEVEN KIRKA**, a
natural person, **PACE RUNNERS, INC.**, a
Michigan for-profit corporation,
**AMAZON.COM DEDC LLC**, a
Washington for-profit corporation, and
**AMAZON.COM, INC.**, a Delaware for-
profit corporation,

             Defendants.

Case No:  18-cv-10798-MOB-MKM
Hon. Marianne O. Battani
Magistrate Judge Mona K. Majzoub

_____/

| | |
|---|---|
| Bryan Yaldou (P70600) | Stephanie L. Sweitzer (P66376) |
| Omar Badr (P70966) | Meredith E. Riccio |
| LAW OFFICES OF | MORGAN, LEWIS & BOCKIUS LLP |
| BRYAN YALDOU, PLLC | 77 W. Wacker Drive, Suite 500 |
| 23000 Telegraph, Suite 5 | Chicago, IL 60601 |
| Brownstown, MI 48134 | Phone: 312-324-1000 |
| Phone: (734) 692-9200 | Fax: 312-324-1001 |
| Fax: (734) 692-9201 | meredith.riccio@morganlewis.com |
| bryan@yaldoulaw.com | *Attorneys for Defendant Amazon.com* |
| *Attorneys for Plaintiffs* | *DEDC LLC and* |
| | *Defendant Amazon.com, Inc.* |

1

Michael J. Tauscher (P31718)
Christopher J. Eckhart (27823-49)
SCOPELITIS, GARVIN,
LIGHT, HANSON AND FEARY, P.C.
10 West Market Street, Suite 1400
Indianapolis, IN 46204
Phone: 317-637-1777
Fax: 317-687-2414
aeakman@scopelitis.com
*Attorneys for Defendant Pace Runners, Inc.*

Angela M. Mannarino (P72374)
GASIOREK, MORGAN,
GRECO & MCCAULEY, PC
30500 Northwestern Highway, Ste. 425
Farmington Hills, MI 48334
Phone: 248-865-0001
Fax: 248-865-0002
amannarino@gmgmklaw.com
*Attorney for Defendant Nexen Corporation
and Defendant Steven Kirka*

## BRIEF IN SUPPORT OF AMENDED JOINT MOTION FOR APPROVAL OF COLLECTIVE ACTION SETTLEMENT AND PLAINTIFFS' PETITION FOR ATTORNEYS' FEES AND COSTS

## I.     INTRODUCTION

This is a Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, case. Named Plaintiffs Anthony Hegedus, Bryant Lowe, Jonathan Ognian, Richard Carson, and Deosha Battles, along with Opt-In Plaintiffs Kyer Bowie, Anthony Gilyard, Alicia Jackson, Maxwell McKernan, Jorell Collins, Anton Floyd Jr., Randall Mason, and Justin Welch (collectively "Plaintiffs"), allege that Defendants Nexen Corporation ("Defendant Nexen"), Steve Kirka ("Defendant Kirka"), Pace Runners, Inc. ("Defendant Pace"), Amazon.com DEDC, LLC and Amazon.com, Inc. (collectively "Defendants") (together referred as, the "Parties") have violated the requirements of the FLSA. Although Defendants considered the putative Eligible Members employees and/or contractors of only Nexen, the Complaint alleges Amazon and/or Pace Runners jointly employed them.  While Defendants deny Plaintiffs and the Eligible Members are owed any wages, deny and all liability, and deny Amazon and/or Pace Runners jointly employ Plaintiffs and the Eligible Members, the Parties have agreed to a settlement, the terms of which are defined and described in the Joint Stipulation for Settlement ("Joint Stipulation") and attached Exhibit A. This case has been pending for over ten months. Following arm's-length negotiations, exchange of a significant information, including time and pay records for Plaintiff and all putative Eligible Members, and a day-long, in-

2

person facilitation conference with a private, neutral facilitator, Plaintiffs and Defendants have agreed, subject to Court approval, to resolve this wage and hour lawsuit.

Accordingly, Plaintiffs respectfully request that the Court issue an order: (1) approving the Parties' Joint Stipulation of Settlement and Release (attached hereto as Exhibit A and referred to as "Joint Stipulation" or "Settlement"); (2) conditionally certifying the collective action under 29 U.S.C. § 216(b) for settlement purposes only; (3) approving the form and manner of notice to putative Eligible Members; (4) approving the award of Plaintiff's litigation expenses and Plaintiff's counsels' fees and costs; and (5) dismissing the case without prejudice, to convert to a dismissal with prejudice after six months, each party to bear its own fees and costs except as otherwise provided in the Agreement and by Court Order..

## II.   RELEVANT FACTS

This matter was originally filed on March 9, 2018. (Doc. #1). The Amended Complaint, filed on May 11, 2018 (Doc. #14), sets forth a detailed recitation of factual and legal allegations pertaining to Plaintiffs' FLSA claims and the basis for collective action certification. Plaintiffs allege, *inter alia*, that they and other similarly situated delivery drivers were not paid at least one and one-half their regular rate of pay for hours worked over 40 hours in a workweek in violation of federal and state wage laws. Each Defendant denies any and all liability and denies that Amazon and/or Pace Runners are joint employers of Nexen's drivers.

On May 11, 2018, Plaintiffs filed a motion to conditionally certify the collective action and to authorize notice to putative collective action members. (Doc. #15). On June 12, 2018, the motion was set for a July 24, 2018, hearing. (Doc. #22). At around that time, the Parties began discussing the possibility of resolving this case through facilitation. The Court entered an Order granting the Parties' joint motion to stay proceedings on July 10, 2018, and directed the Parties to notify the Court immediately after facilitation is completed in order to schedule a status conference. (Doc.

#31). Facilitation was originally set for September 26, 2018, but due to scheduling issues, the Parties were not able to hold a facilitation conference until November 2, 2018.

In preparation for the facilitation, the Parties exchanged a significant amount of information. Defendants produced to Class Counsel Nexen time records, Nexen pay records, and Nexen independent contractor agreements, as well as files containing data transmitted to Amazon from the handheld "Rabbit" devices that Eligible Members may have used to scan in and out certain packages they delivered. After a full review of this information and open and full debate over the legal and factual issues, the Parties, who have been represented by counsel at all times, agree that the negotiated terms of the settlement represent a fair, reasonable, and just compromise of disputed issues.

With compromises from both sides, the Joint Stipulation now before the Court for approval was reached. The negotiations leading to this settlement were adversarial, non-collusive, and conducted at arm's length. The Parties share an interest in fully and finally resolving the issues raised in this action. Because the Parties recognized the expense and risks associated with prosecution and defense through trial and any possible appeal, as well as the risk of uncertainty of the outcome inherent in any litigation, they agreed to be bound by the Settlement which they now ask this Court to approve.

The Parties have conditioned the overall Settlement upon the Court's approval of all their terms.

## III. SUMMARY OF THE SETTLEMENT TERMS

### A. The Settlement Fund

The Joint Stipulation for Settlement and Release establishes a qualified settlement fund (the "Gross Fund") of $175,000.00. The Gross Fund will be apportioned as follows:

1. Payment of alleged owed overtime wages to Plaintiffs and Eligible Members who become Eligible Members of the Settlement by returning a Consent to Join form through the Court-supervised notice process;

2. Payments to the Plaintiffs as service awards for their assistance in in bringing this litigation and diligence in bringing this action on behalf of the collective, as approved by the Court; and

3. Payment of attorneys' fees and costs up to $58,333.33, or the equivalent of approximately one-third of the Gross Fund, as approved by the Court. Exhibit A.

The Fund provides substantial relief to Plaintiffs and Eligible Members, who will be eligible to partake in their share of the fund in proportion to their pro rata share of weeks worked during the relevant time period.

### B.  Eligible Settlement Collective Members

Eligible Members are all individuals who worked at any time during the past three years for Defendant Nexen as delivery drivers and delivered packages pursuant to a contract between either Amazon and Nexen or Pace Runners and Nexen.

### C. Settlement Administrator

The Parties have agreed to use RG/2 Administration as the Class Administrator. The Claims Administrator will be charged with issuing the Court-approved notice to Eligible Members and administering the issuance of settlement awards to the Eligible Members.  Defendant Nexen will timely provide the settlement administrator with information required to administer the settlement as relayed in the Parties' Joint Stipulation. *Id.* at ¶2.3(A). All costs associated with notice and the settlement administrator shall be paid by Defendant Pace Runners. *Id.*

### D. Notice to Eligible Members

The notice sent to Eligible Members will notify them of their ability to receive a pro rata settlement share. *Id.* at ¶2. The notice shall explain that Eligible Members can opt-in to the Action by executing and returning opt-in forms within the time frame in the Joint Stipulation. *Id.* The notice also shall advise Eligible Members that by negotiating a settlement check, they will be providing Defendants with a release of all federal, state, and local wage and hour claims. *Id.* This includes claims for liquidated damages, attorneys' fees, costs, and expenses. *Id.* Named Plaintiffs will release all claims against the Defendants, known or unknown. Any Eligible Members or Plaintiffs who do not return valid opt-in forms will not partake in the settlement and will not be bound by the settlement or release of any claims.

Any notices or checks returned undeliverable shall be traced one time to obtain a new address and shall be re-mailed by U.S. First Class Mail. *Id.* at 2.3(C). Class Counsel may take any reasonable additional steps to ensure the Eligible Members receive a notice and settlement check. *Id.* To the extent any notice is returned as undeliverable, such person shall be permitted the greater of the balance of the notice period or thirty (30) days from any re-mailing of the notice to submit their claim form. *Id.*

This is a claims-made settlement.  Only those Eligible Members who return or have already filed a valid Consent to Join form will be considered claimants in this action and partake in their share of the settlement. The remainder of the Settlement Fund (net of approved payments including to claimants, for attorneys' fees and costs, and the Plaintiff's service award) will revert to Defendants.

**E. Allocation Formula**

All Eligible Members who return executed opt-in forms within a sixty (60) day period shall be paid a portion of the Net Fund (Net Fund = Gross Fund less approved Plaintiffs' attorneys' fees and expenses, Plaintiffs' service award, and administration expenses), pursuant to an allocation formula based on a pro-rata share of alleged overtime owed based on weeks worked during the class period. *Id.* at ¶3.5. If the Parties cannot agree on any aspect of the allocation formula, then their dispute shall be decided finally by the Mediator, Kathleen Bogas, serving as an arbitrator on the issue. *Id.* All Parties shall have equal access to all information related to settlement administration. *Id.*

The allocation formula for the Eligible Members are as follows:

a.     For "last mile" workers, a pro-rata amount of the Net Fund based on the number of weeks worked.

b.     For "middle mile" workers, Eligible Members will receive one hundred dollars ($100.00) each.

c.     All non-drivers are excluded from the collective and will not be included in the settlement or receive an opt-in form.

*Id.* at ¶3.5(A).

**F.  Attorneys' Fees and Litigation Costs**

Under the Joint Stipulation, Plaintiffs' Counsel is entitled to $58,333.33, one-third of the Gross Fund, as fees and reasonable costs and expenses. *Id.* at ¶3.2(A). This is subject to Court approval. Payment to Plaintiffs' Counsel from the Gross Fund shall be made no earlier than ninety (90) days after the Court's approval of the settlement, service awards, attorneys' fees, costs, and

expenses becomes a final non-appealable order (i.e., no earlier than forty (120) days after the Court's approval of the settlement).

Through the prosecution of Plaintiffs' claims, Plaintiffs' Counsel has accrued $85,393.66 in fees and costs. While the reasonable and necessary attorneys' fees and costs Plaintiffs' Counsel has accrued are substantially greater than the amount they are entitled to under the Joint Stipulation, Plaintiffs' Counsel has agreed to settle for one-third the Gross Fund in order to promptly facilitate the resolution of this matter for Plaintiffs and the Eligible Members.

## IV. LAW AND ARGUMENT

### A. Standard of Review

As a general rule, "court approval is required for the settlement of claims for back wages or liquidated damages under the FLSA." *Arrington v. Mich. Bell Tel. Co.*, Case No. 10-10975, 2012 U.S. Dist. LEXIS 157362, at *1 (E.D. Mich. Nov. 2, 2012) (citing *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982)). Therefore, when employees bring a private action for back wages under the FLSA and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness. If the settlement is a reasonable compromise over issues that are actually in dispute, the Court may approve the settlement in order to promote the policy of encouraging settlement of litigation. *Id.* at *2 (internal citations and quotations omitted); *Lynn's Food Stores, Inc.*, 679 F.2d at 1354.

When considering FLSA collective action settlements, courts consider factors that are typically considered in Federal Rules of Civil Procedure Rule 23 class action settlements. For example, the Sixth Circuit has identified seven factors that should aid courts in the determination of whether a proposed FLSA settlement is fair, reasonable, and adequate:

> (1) the risk of fraud or collusion; (2) the complexity, expense, and likely duration of the litigation; (3) the amount of discovery engaged

8

> in by the parties; (4) the likelihood of success on the merits; (5) the
> opinions of class counsel and class Representatives; (6) the reaction
> of absent class members; and (7) the public interest.

*Crawford v. Lexington-Fayette Urban Cnty. Gov't,* CIV. A. 06-299-JBC, 2008 WL4724499, at *3

(E.D. Ky. Oct. 23, 2008) (citing *Int'l Union, United Auto., Aerospace, and Agr. Implement

Workers of Am. v. Gen. Motors Corp.,* 497 F.3d 615, 631 (6th Cir. 2007)). The above list is not

exhaustive, and courts do not necessarily apply all of the factors; rather, the factors are guideposts

used to determine the fairness of a proposed settlement. "A court applying these factors must do

so in the context of the actual settlement." *Arrington,* 2012 U.S. Dist. LEXIS 157362, at *3.

**B.     The Settlement is Fair and Should be Approved**

*1.     The Settlement is Fair and Reasonable and Lacks Fraud or Collusion in the
        Settlement*

In the instant case, there is a *bona fide* dispute regarding whether Defendants violated the

FLSA. Plaintiffs allege Defendants violated the FLSA by, *inter alia*, failing to pay delivery drivers

one and one-half their regular rate of pay for hours worked over 40 hours in a workweek.

Defendants deny all such claims. Specifically, Plaintiffs and Defendants disagree on:  the number

of hours Plaintiffs and the Eligible Members worked; whether any purported violation of the FLSA

by Defendants was willful; whether Defendants acted in good faith; and whether Amazon and/or

Pace Runners was a joint employer of Plaintiffs and the Eligible Members such that there is FLSA

coverage as to the Amazon and/or Pace Runners Defendants. Where a disputed claim exists, Courts

have found that settlement resolves a bona fide dispute and approved FLSA settlements. *E.g.,*

*Williams v. K&K Assisted Living LLC,* No. 15-cv-11565, 2016 WL 319596, at *2 (E.D. Mich. Jan.

27, 2016); *Lynn's,* 679 F.2d at 1354.

As is evident from the amount to be paid to Plaintiffs in this settlement, it is clear there was

no fraud or collusion. The Court was instrumental in bringing the Parties together to effectuate a

settlement after a protracted period of contentious opposition. Prior to that point, there was virtually no indication that the Parties would be able to reach a settlement. Moreover, the Parties engaged an experienced, neutral facilitator, and spent a full day working to resolve the case, in person, on November 2, 2018. Counsel vigorously pursued their clients' interests at the mediation and ultimately reached a resolution.

The settlement will eliminate the risks and costs both sides would bear if this litigation continued to resolution on the merits. The Defendants provided thousands of pages of documentation and other data in support of their respective positions. In agreeing upon the proposed settlement, the Parties had sufficient information and conducted an adequate investigation to allow them to make an educated and informed analysis and conclusion.  Under these circumstances, the Agreement should be approved. *See Lakosky v. Disc. Tire Co.*, No. 14-13362, 2015 WL 4617186, at *2 (E.D. Mich. July 31, 2015) (approving FLSA settlement where, "[t]here is no indication that the parties reached the agreement by virtue of anything other than vigorous, arms-length negotiations.").

2.      *Complexity, Expense, and Likely Duration of the Litigation*

In evaluating a proposed FLSA settlement, the court also must weigh the risks, expense, and delay Plaintiffs would face if they continued to prosecute the litigation through trial and potentially appeal against the amount of recovery provided to the class in the proposed settlement. *In re Cardizem C.D. Antitrust Litigation*, 218 F.R.D. 508, 523 (E.D. Mich. 2003). Courts have consistently held that the expense and possible duration of litigation are major factors to be considered in evaluating the reasonableness of a settlement. *See e.g., In re Telectronics Pacing Sys., Inc.* 137 F. Supp. 2d 985, 1013 (S.D. Ohio 2001). For class actions and collective actions in particular, courts view settlement favorably because it "avoids the costs, delays and multitudes of other problems associated with them." *Id.* at 1013.

Here, if not for the settlement, the case would have continued to be fiercely contested by the Parties. The settling Defendants, whom are represented by capable and well-versed counsel, have demonstrated the commitment to defend the case through trial and beyond trial, if necessary. The expense of continued litigation would be substantial. The Parties would have to complete a lengthy and extensive trial. Any trial could run several weeks and involve numerous witnesses including Plaintiffs, other putative Eligible Members, management of Defendants' respective companies, Defendants' respective employees, vocational experts, and accountants. Further litigation would most certainly include the introduction of voluminous documentary and deposition evidence, vigorously contested motions, and the expenditure of enormous amounts of judicial resources. Avoiding such unnecessary expenditure of time and resources clearly benefits both the Parties and the Court. *See UAW v. Ford Motor Co*., Case No. 05-CV-73991-DT, 2006 U.S. Dist. LEXIS 70741, 2006 WL 334283, at *70 (E.D. Mich. Feb. 13, 2006) ("The costs and uncertainty of lengthy and complex litigation weigh in favor of settlement."). Additionally, the value of an immediate recovery for the Eligible Members here outweighs the possibility of future relief after protracted and expensive litigation.

3.    *Amount of Discovery Engaged in By the Parties*

The Parties engaged in a significant amount of discovery. In preparation for facilitation, the Parties exchanged thousands of pages of documents. This discovery included Defendant Nexen's time records, pay records, and independent contractor agreements as well as contracts between the various entities and data from Defendant Amazon's "Rabbit" devices pertaining to package delivery. Additionally, while at facilitation, the Parties continued to exchange information. This amount of discovery was sufficient to induce the Parties to reach a fair, reasonable, and adequate settlement.

*4.    The Likelihood of Success on the Merits*

The Plaintiffs' likelihood of success on the merits and the amount they would be awarded is uncertain, which provides further evidence that this settlement is fair and appropriate.

Plaintiffs assert, and Defendants deny, the putative collective action members are owed compensation due to Defendants' alleged violations of the FLSA. The range of possible recovery is open to dispute. Even if Plaintiffs succeed on the merits of their claims, which would require substantial additional time and an exercise of resources by both sides, the specific amount of their recovery is uncertain. Thus, this settlement is a fair and reasonable in relation to the potential risks and recovery in this case.

*5.    The Opinions of the Class Counsel and the Class Representatives*

Plaintiffs' Counsel and the Named Plaintiffs are of the opinion that this proposed settlement is a fair and reasonable compromise. In deciding whether a proposed settlement warrants approval, "[t]he Court should also consider the judgment of counsel and the presence of good faith bargaining between the contending parties." *Rankin v. Rots*, 220 F.R.D. 511 (E.D. Mich. 2006). Plaintiffs' Counsel has extensive experience in handling FLSA collective action cases and has thoroughly investigated and analyzed the claims alleged in these actions. He has made informed judgments regarding the Settlement and believes that it is fair, reasonable and adequate.

Additionally, the settlement is generous to the delivery drivers who worked as independent contractors and drove trucks over 10,000 pounds. After discovery, it was revealed that it is likely that they were exempt from the overtime requirements of the federal and state wage laws under the Motor Carrier Act.

6.    *Whether the Settlement is the Product of Arm's-Length Negotiations as Opposed to Collusive Bargaining*

Plaintiffs first came to the Law Offices of Bryan Yaldou, PLLC, in December 2017. Plaintiffs' Counsel spent approximately four months investigating the claims of Plaintiffs. Plaintiffs filed their original Complaint in March 2018 (Doc. #1) and have litigated this case over the course of the last nine months. This involved investigation, informal discovery, motion practice, and settlement negotiations. In short, no settlement occurred until Plaintiffs' Counsel possessed sufficient information to make an informed judgment regarding the likelihood of success on the merits and the results that could be obtained. The risks of nonrecovery, addressed above, were considered by Class Counsel in negotiating the proposed settlement.

Without evidence to the contrary, the Court may presume that settlement negotiations were conducted in good faith and that the resulting agreements were reached without collusion. *Telectronics,* 137 F. Supp. 2d at 1018 ("Courts respect the integrity of counsel and presume the absence of fraud or collusion in negotiating the settlement, unless evidence to the contrary is offered."). *See also UAW,* 2006 WL 334283, at * 74-75; *In re Rio Hair Naturalize Prods Liab. Litig.*, MDL No. 1055, 1996 U.S. Dist. LEXIS 20440, 1996 WL 780512, at * 43 (E.D. Mich. 1996). Far from collusion, the current settlement has been forged through arm's-length negotiations.

7.    *Whether the Settlement is Consistent with the Public Interest*

The final factor that courts consider in evaluating a settlement is whether the settlement is consistent with the public interest. "[T]here is a strong public interest in encouraging settlement of complex litigation and class action suits because they are 'notoriously difficult and unpredictable' and settlement conserves judicial resources*." Granada Inv., Inc. v. DWG Corp.*, 962 F.2d 1203, 1205 (6th Cir. 1992). This is particularly true when the substantive issues of the

case "reflect a broad public interest in the rights to be vindicated or the social or economic policies to be established." *Donovan v. Estate of Fitzsimmons*, 778 F.2d 298, 307 (7th Cir. 1985).

Here, it is certainly in the public interest to approve this settlement. The settlement resolves Plaintiffs' claims in exchange for a fair return, eliminates the risk to Plaintiffs of complete non-recovery, provides certainty to the settling Defendants, and eases the burdens on the already heavily-taxed courts. In sum, given the complexity, expense, likely duration and risks of litigation, the state of the proceedings to date, the negotiations leading up to, and the ultimate terms of the Settlement, the proposed settlement is fair, adequate and reasonable.

### C. The Settlement is Fair and Reasonable Under FLSA Standards and Should be Approved

Courts approve FLSA settlements when they are reached as a result of contested litigation to resolve *bona fide* disputes. *See Lynn's*, 679 F.2d at 1353-54. Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of the settlement. *Id.* If the proposed settlement reflects a reasonable compromise over contested issues, the court should approve the settlement. *Id.*

Collective actions under Section 216(b) of the FLSA require employees to affirmatively opt-in to the litigation, unlike in a Federal Rule of Civil Procedure 23 Class action. *See Genesis Healthcare Corp. v. Symczyk*, 133 S. Ct. 1523, 1529 (2013); *O'Brien v. Ed Donnelly Enters., Inc.*, 575 F.3d 567, 584 (6th Cir. 2009). Because under the FLSA "parties may elect to opt in but a failure to do so does not prevent them from bringing their own suits at a later date," *McKenna v. Champion Int'l Corp.*, 747 F.2d 1211, 1213 (8th Cir. 1984), *abrogated by Hoffman-La Roche Inc. v. Sperling*, 493 U.S. 165 (1989), FLSA collective actions do not implicate the same due process concerns as Rule 23 actions, *see Thompson v. Bruister & Assocs., Inc.*, 967 F. Supp. 2d 1204, 1222 (M.D. Tenn. Aug. 23, 2013). Accordingly, the exacting standards for approval of a Class action

14

settlement under Rule 23 do not apply to an FLSA settlement under the collective action provisions of 29 U.S.C. § 216(b). Furthermore, "settlement is the preferred means of resolving litigation." *Crawford v. Lexington-Fayette Urban Cnty. Gov't,* CIV. A. 06-299-JBC, 2008 WL4724499, at *9 (E.D. Ky. Oct. 23, 2008) (FLSA collective action).

The FLSA settlement in this case meets the standard for approval. The settlement was the result of contested litigation with discovery exchanged including thousands of pages of relevant data and arm's-length negotiations. Recognizing the uncertain legal and factual issues involved, the Parties reached the settlement after almost two years of discovery and negotiation. At all times during the settlement negotiation process, negotiations were conducted at arm's-length. Moreover, "[t]he endorsement of the parties' counsel is entitled to significant weight." *UAW v. Gen. Motors Corp.*, No. 05 Civ. 73991, 2006 WL 891151, at *18 (E.D. Mich. Mar. 31, 2006).

The settlement amount is substantial in light of the unclear legal issues present in the case. It reflects damages owed to each Eligible Member based on how many weeks they worked for Defendant Nexen, which is a reasonable approximation of each of their damages. Accordingly, this Settlement constitutes a substantial recovery for all Eligible Members.

### D.  The Attorney's Fees and Costs are Reasonable and Necessary Under the FLSA Standards and Should Be Approved

Under the FLSA, attorneys' fees are mandatory to prevailing plaintiffs. 29 U.S.C. § 216(b) ("The court in such [FLSA] action *shall*, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action") (emphasis added).; *Fegley v. Higgins*, 19 F.3d 1126, 1134 (6th Cir. 1994). The purpose of the § 216(b) mandatory fees provision is to insure effective access to the judicial process. *United Slate, Local 307 v. G & M Roofing & Sheet Metal Co.*, 732 F.2d 495, 502 (6th Cir. 1984). Congress intended that the wronged employee should receive his or her full wages "without incurring any

expense for legal fees or costs." *Id.* The Sixth Circuit has adhered to the view that attorneys' fees in a FLSA action serves a larger goal because it "encourage[s] the vindication of congressionally identified policies and rights." *Fegley*, 19 F.3d at 1134-35 (internal citation omitted).

In FLSA cases, the Court has the discretion to use a lodestar or percentage of the fund method to determine whether attorneys' fees are reasonable. *Rawlings v. Prudential-Bache Props., Inc.*, 9 F.3d 513, 516-17 (6th Cir. 1993). Often, the lodestar (the number of hours the attorney worked times the attorney's customary hourly rate) is used to cross-check the reasonableness of the requested percentage of the fund. *Jones v. G.N. Netcom, Inc. (In re Bluetooth Headset Prod Liability Litigation)*, 654 F.3d 935, 944 (9th Cir. 2011) (encouraging courts to cross-check attorney's fees using both the lodestar and percentage of the fund methods); s*ee, e.g., Doe v. Deja Vu Servs.*, Case No. 2:16-cv-10877, 2017 U.S. Dist. LEXIS 93455, 2017 WL 2629101, at *29-31 (E.D. Mich. June 19, 2017). Courts readily approve the percentage of the fund method when a plaintiff obtains an exceptional result and avoids extended litigation time and costs. *Rotuna v. W. Customer Mgmt. Grp., LLC*, No. 4:09-CV-1608, 2010 U.S. Dist. LEXIS 58912, 2010 WL 2490989, at *7 (N.D. Ohio June 15, 2010) (approving one-third of the common fund as attorneys' fees). Under the percentage of the fund method, courts have found that thirty percent of the fund is on its face reasonable. *See, e.g., Moulton v. United States Steel Corp.*, 581 F.3d 344, 352 (6th Cir. 2009); *Osman v. Grube, Inc*., Case No. 3:16-cv-00802-JJH, 2018 U.S. Dist. LEXIS 78222, 2018 WL 2095172 at *6-7 (N.D. Ohio May 4, 2018) (stating that one-third of the fund was a reasonable fee and a common amount awarded in FLSA cases). Courts have noted that the range of reasonableness of attorney's fees in class action lawsuits is between twenty and fifty percent. *See, e.g., In re Southern Ohio Correctional Facility*, 173 F.R.D. 205 (S.D. Ohio 1997), *rev'd on other grounds* 24 Fed. App'x 520 (6th Cir. 2001).

Under both the lodestar and the percentage of the fund methods, Plaintiffs' request of $58,333.33 is reasonable. The attorney's fees requested amount is one-third of the Gross Fund. This is significantly less than Plaintiffs' lodestar of $83,782.00 as of February 5, 2019. Plaintiffs' attorneys declare that they have spent 198.60 hours prosecuting Plaintiffs' claims has of February 5, 2019. (Exhibit B). Class Counsel represents that two attorneys, Attorney Bryan Yaldou and Attorney Elaina Bailey, have worked on this case, along with one paralegal, Drew Miller. Attorney Yaldou's customary rate is $600.00 per hour, Attorney Bailey's is $300.00 per hour, and Mr. Miller's is $80.00 per hour.[2] Below is Class Counsel's description of the efforts it has expended in the prosecution of Plaintiffs' claims. Defendants make no objection to Class Counsel's description of its efforts, but note that this information is not known by Defendants and therefore they cannot agree to the truth of Class Counsel's description.

Before filing Plaintiffs' collective action Complaint, Attorney Yaldou interviewed 20 individuals who worked for Defendant Nexen. As Attorney Yaldou met with more workers, the business relationship between Defendants became clearer. Accordingly, it was necessary for him to meet with some individuals on multiple occasions to learn facts relevant to Defendants potential liability, joint or otherwise. Attorney Yaldou drafted Plaintiffs' Complaint and filed it on March 9, 2018. Attorney Yaldou spent approximately 27.1 hours and Mr. Miller spent approximately 2.9 hours in this pre-filing stage of litigation.

---

[2] Attorney Yaldou's and Attorney Bailey's customary wage rates reflect the market rates for FLSA rates in this market. *See, e.g., Monroe v. FTS USA, LLC*, Case No. 2:08-cv-02100-JTF-CGC, 2014 U.S. Dist. LEXIS 128451 (July 28, 2014) (approving attorney's hourly rates of $600 for partners and $375 and $325 for associates). *See also, May v. City of Detroit*, No. 233318; 234966, 2003 Mich. App. LEXIS 1397 (Ct. App. June 12, 2003) (awarding $600.00 per hour to the lead attorney).

After filing Plaintiffs' Complaint, Attorney Yaldou continued to meet with Plaintiffs and individuals who worked for Defendant Nexen and began communication with opposing counsel. At this time, Attorney Yaldou began to realize Defendant Pace's business relationship with the other Defendants. He began drafting Plaintiffs' First Amended Complaint, which included Defendant Pace, and a motion for conditional certification. Attorney Yaldou spent approximately 26.8 hours and Mr. Miller spent approximately 3.6 hours in this phase of litigation.

After filing Plaintiffs' Amended Complaint and Motion for conditional certification, Attorney Yaldou began settlement discussions with opposing counsel. Attorney Bailey was hired into the firm as a full-time attorney during this time. The Parties decided to attempt to resolve this matter through facilitation. In preparation for facilitation, the Parties exchanged a significant amount of discovery including, time records, pay records, "Rabbit" information, and other relevant documentation. Attorney Yaldou and Attorney Bailey spent a great deal of time analyzing the discovery and assessing Defendants' potential liability and Plaintiffs' potential damages. Attorney Yaldou also communicated with other plaintiffs' attorneys who had ongoing cases against Defendants including law firms in Michigan, Illinois, and Florida. Attorney Yaldou spent approximately 19.8 hours and Attorney Bailey spent approximately 21.1 hours, and Mr. Miller spent approximately 1.9 hours on this case during this pre-facilitation phase of litigation.

Facilitation took place on November 2, 2018. It was a full-day facilitation that took place in Bingham Farms, Michigan. Attorney Yaldou and Attorney Bailey both spent 9.50 hours in travel time and attendance for the facilitation.

Since the facilitation, Attorney Yaldou and Attorney Bailey have been working with opposing counsel on the settlement documentation including a finalized version of the settlement agreement and a joint motion for approval of the settlement. During this time, the attorneys have

been keeping in reasonable contact with the Plaintiffs to update them on developments in the case. Attorney Yaldou has spent approximately 4.2 hours, Attorney Bailey has spent approximately 71.6 hours, and Mr. Miller spent approximately 0.5 hours in this phase of litigation.

Plaintiffs' costs in this case include the $400.00 filing fee and $1,211.66 in Mediation Services. Plaintiffs' costs are subsumed into the Parties' request for attorneys' fees.

Accordingly, the Parties' requested attorneys' fees of $58,333.33 is approximately 68% of their lodestar. This results in a negative multiplier which is typically evidence that there was no collusion in the negotiation of fees and that they fees are fair and reasonable. *See, e.g., Schuchardt v. Law Office of Rory W. Clark*, 314 F.R.D. 673, 690 (N.D. Cal. 2016) (finding that Class Counsel's requested award of $52,500.00 was reasonable by comparing its lodestar of $76,7235.00).

Notably, the one-third attorney's fees award is a typical amount found by courts to be reasonable in FLSA cases. *See, e.g., Atkinson v. TeleTech Holdings, Inc.*, Case No. 14-cv-00253, Doc. No. 115 (S.D. Ohio July 25, 2016) (approving class counsel's fees and costs of 33% or $1,166,666.67 of a $3.5 million FLSA settlement plus costs of $175,000.00); *Doe v. Cin-Lan, Inc.*, Case No. 08-cv-12719, Doc. No. 431 (E.D. Mich. July 15, 2011) (approving class counsel's fees and costs of 31% or $3,500,000.00 of a $11.3 million FLSA settlement); *Rotuna v. West Customer Mgt. Group, L.L.C.*, CASE NO. 4:09-CV-1608, 2010 U.S. Dist. LEXIS 58912, 2010 WL 2490989 (N.D. Ohio June 15, 2010) (approving attorneys' fees of 33% of the overall settlement in a FLSA case); *Bessey v. Packerland Plainwell, Inc.*, Case No. 4:06-cv-95, 2007 U.S. LEXIS 79606 (W.D. Mich. Oct. 26, 2007) (approving attorney's fees of 33% or $220,000.00 of a $668,000.00 FLSA settlement).

Additionally, this Court should approve Plaintiffs' request for one-third the Gross Fund because it is the amount of fees negotiated be the Parties. Parties to a FLSA collective action may

properly negotiate not only the settlement of the action itself, but also the payment of attorney's fees. *See, e.g., Bourne v. Ansara Restaurant Group, Inc.*, Case Number 16-10332, 2016 U.S. Dist. LEXIS 177203, 2016 WL 7405804 (E.D. Mich. Dec. 22, 2016); Williams v K&K Assisted Living LLC, Case No. 15-cv-11565, 2016 U.S. Dist. LEXIS 9310, 2016 WL 319596 (E.D. Mich. Jan. 27, 2016); *Bartlow v Grand Crowne Resorts of Pigeon Forge*, No. 3:11-CV-400, 2012 U.S. Dist. LEXIS 181808, 2012 WL 6707008 (E.D. Tenn. Dec. 26, 2012). A negotiated fee is preferred because it prevents attorney's fees from becoming a second major litigation. *Melgar v. O.K. Foods*, 902 F.3d 775, 779-80 (8th Cir. 2018) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983)) (refusing to review a negotiated attorney's fee in a FLSA case because "any process of reviewing and approving stipulated attorneys' fees in the event of a settlement is more deferential than resolving attorneys' fees in a disputed case."). In determining whether a settlement and release is valid, a court should encourage "amicable settlement of honest differences . . . where overreaching or exploitation is not inherent in the situation." *Runyan v. Nat'l Cash Register Corp.*, 787 F.2d 1039, 1045 (6th Cir. 1986) (examining the history of the Age Discrimination in Employment Act and the FLSA when finding that a negotiated settlement was valid).

Accordingly, this Court should approve Plaintiffs' requested fees and costs of $58,333.33.

**E. The Requested Service Awards Should be Approved**

The Stipulation, if approved, would provide a service award to Named Plaintiffs and Kyer Bowie in the amount of $3,000 to acknowledge their time and effort expended in helping to achieve a successful settlement. This payment is in addition to any payment Plaintiffs are to receive as their pro rata share of the Net Settlement Fund. Courts may make separate awards to named plaintiffs in recognition of their risks taken, time expended and benefits to the class. *See Espenscheid v. Direct Sat USA, LLC*, 688 F.3d 872, 876-77 (7th Cir. 2012).

Here, Plaintiffs initiated the lawsuit, reviewed and approved the complaint, conferred with counsel over the course of months, gathered documents, spoke with other Eligible Members, and participated in the in-person mediation. The requested service award of $3,000 per Plaintiff represents only 1.7% per Plaintiff of the Net Settlement Fund (net of attorneys' fees and costs), and combined, approximately 10% of the overall Settlement Fund, which is a reasonable percentage. *See Slaght v. Rex Performance Prod., LLC*, No. 16-CV-10159, 2017 WL 6347979, at *1 (E.D. Mich. Nov. 20, 2017) (approving $10,000 award split between 3 plaintiffs from class-wide settlement of $125,000); *Parker v. Jekyll & Hyde Entm't Holdings, L.L.C.*, No. 08 civ 7670, 2010 WL 532960, at *2 (S.D.N.Y. Feb 9, 2010) (finding that service awards totaling approximately 11% of total recovery are reasonable); *Reyes v. Buddha-Bar NYC*, No. 08 Civ. 2494, 2009 WL 5841177, at *8, *13 (S.D.N.Y. May 28, 2009) (awards of $7,500 each to three named plaintiffs, representing approximately 3 percent of the total $710,000 settlement amount, was reasonable).

## V. CONCLUSION

For the reasons set forth above, the Parties respectfully request that the Court issue an order: (1) approving the Parties' Joint Stipulation of Settlement and Release (attached hereto as Exhibit A and referred to as "Joint Stipulation" or "Settlement"); (2) conditionally certifying the collective action under 29 U.S.C. § 216(b) for settlement purposes only; (3) approving the form and manner of notice to putative Eligible Members; (4) approving the award of Plaintiff's litigation expenses and Plaintiff's counsels' fees and costs; and (5) dismissing the case without prejudice, to convert to a dismissal with prejudice after six months, each party to bear its own fees and costs except as otherwise provided in the Agreement and by Court Order.

Respectfully Submitted,

s/ Bryan Yaldou
Bryan Yaldou (P70600)
LAW OFFICE OF BRYAN YALDOU, PLLC
23000 Telegraph, Suite 5
Brownstown, MI 48134
Phone: (734) 692-9200
Fax: (734) 692-9201
bryan@yaldoulaw.com
*Attorneys for Plaintiffs*

/s/ Meredith E. Riccio, with consent
Meredith E. Riccio
MORGAN, LEWIS & BOCKIUS LLP
77 W. Wacker Drive, Suite 500
Chicago, IL 60601
Phone: 312-324-1000
Fax: 312-324-1001
meredith.riccio@morganlewis.com
*Attorneys for Defendant Amazon.com DEDC LLC and Defendant Amazon.com, Inc.*

/s/ Christopher J. Eckart, with consent
Christopher J. Eckhart (27823-49)
SCOPELITIS, GARVIN,
LIGHT, HANSON AND FEARY, P.C.
10 West Market Street, Suite 1400
Indianapolis, IN 46204
Phone: 317-637-1777
Fax: 317-687-2414
aeakman@scopelitis.com
*Attorneys for Defendant Pace Runners, Inc.*

/s/ Angela M. Mannarino, with consent
Angela M. Mannarino (P72374)
GASIOREK, MORGAN,
GRECO & MCCAULEY, PC
30500 Northwestern Highway, Ste. 425
Farmington Hills, MI 48334
Phone: 248-865-0001
Fax: 248-865-0002
amannarino@gmgmklaw.com
*Attorney for Defendant Nexen Corporation and Defendant Steven Kirka*

Dated: February 5, 2019